UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL KUYKENDALL,

                Plaintiff,

-against-

BANKRS HEALTHCARE GROUP LLC / TD BANK USA, N.A.,

                Defendants.

24-CV-3694 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

    This case was removed to federal court by TD Bank USA on May 14, 2024, with the notice of removal filed on the same date. By May 20, 2024, TD Bank should submit a letter explaining why removal on May 14th complies with 28 U.S.C. § 1446(b), which requires notice of removal to be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

    Also, the asserted basis for jurisdiction in this Court is *thin*. There is no plausible assertion of complete diversity at this time, given that TD Bank doesn't know Bankers' citizenship. As for federal-question jurisdiction, plaintiff alleges state-law claims of breach of contract and negligence based on "allowing forged initials/signature to approve a loan." The basis for preemption of that claim is not apparent. TD Bank focuses on one of the forms of relief sought by plaintiff. In addition to "monetary damage awarded of $560,000," plaintiff asks for a "new credit score change/reset." TD Bank's letter should also cite to Second Circuit authorities holding that federal question jurisdiction obtains where one form of relief requested on a claim that would otherwise be outside

this Court's jurisdiction changes the entire character of the case to a federal one for jurisdictional purposes. TD Bank should also attach to its letter a certification indicating that counsel has reviewed and understands the requirements of Fed. R. Civ. P. 11, and that the notice of removal and letter have been filed consistently with Rule 11.

If TD Bank cannot make these showings or would prefer to proceed in state court, it can simply inform the Court of its intent to withdraw its notice of removal at this juncture.

TD Bank should serve this order on Plaintiff and the Co-Defendant.

SO ORDERED.

Dated: May 15, 2024
   New York, New York

ARUN SUBRAMANIAN
United States District Judge