UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL KUYKENDALL,<br><br>       Plaintiff,<br><br>    -against-<br><br>BANKRS HEALTHCARE GROUP LLC; TD BANK USA, N.A.,<br><br>       Defendants. | 24-cv-3694 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

  Plaintiff Michael Kuykendall initiated this suit by notice and summons in state court against TD Bank and Bankrs Healthcare Group. Dkt. 1. TD Bank removed the suit to federal court on May 14, 2024, and moved for its dismissal on June 7, 2024. Dkts. 1, 10. Since then, the suit has languished on the Court's docket. Kuykendall has yet to file an appearance, despite the Court's many warnings that his continued inaction would lead to dismissal.

  Under Federal Rule of Civil Procedure 41(b), a district court "may dismiss an action for plaintiff's want of prosecution." *United States ex rel. Weiner v. Siemens AG*, 87 F.4th 157, 164 (2d Cir. 2023). Dismissal under this rule is appropriate when "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *Id.* (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).

  Here, these factors favor dismissal. First, this suit was removed over six months ago, and since then, Kuykendall has entirely failed to engage with the suit or respond to the Court's orders. The Court recognizes that Kuykendall is appearing *pro se*, which is why it has offered multiple extensions and opportunities for plaintiff to respond. But this case hasn't progressed at all in half a year, and Kuykendall has offered no explanation for his lack of responsiveness. Second, the Court has given Kuykendall two warnings that his continued silence would lead to dismissal. Dkts. 32, 34. Third, prejudice can be presumed "where the plaintiff repeatedly failed to file documents that the court ordered, even after being warned that he was risking dismissal." *Drake*, 375 F.3d at 257. Fourth, TD Bank's motion has been on the Court's docket for five months, and Kuykendall seems to have lost any interest in having his day in court. Finally, the Court sees no way that lesser sanctions could be helpful here, given Kuykendall's complete lack of responsiveness. *See McLean v. City of New York*, 2007 WL 415138, at *4 (S.D.N.Y. Feb. 6, 2007) ("A court should not have to beg the parties before it to litigate the cases they initiate.").

Accordingly, the suit is dismissed without prejudice. All pending motions are moot. The Clerk of Court is respectfully directed to terminate this case.

SO ORDERED.

Dated: December 5, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge